UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERMARRIE RIVERS,<br><br>              Plaintiff<br><br>v.<br><br>DONECIA WRIGHT, *et al.*,<br><br>              Defendants. | Case No. 1:19-cv-00916-DAD-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br><br>(Doc. No. 16)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.    Background**

Plaintiff Shermarrie Rivers ("Plaintiff") is proceeding pro se and in forma pauperis in this civil action. (Doc. No. 1.) On October 8, 2019, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) and granted her leave to file an amended complaint within thirty (30) days. (Doc. No. 7.) Plaintiff's first amended complaint, filed on March 27, 2020, is currently before the Court for screening. (Doc. No. 16.)

**II.    Screening Requirement**

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28

U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

### III. Plaintiff's Allegations

Plaintiff names the following defendants: (1) Donecia Wright, Social Worker, Supervisor: (2) Jennifer Wild, Social Worker; (3) Brad Heardie; and (4) Fresno Detective Mayo. Plaintiff alleges, "I don't want money I just want my son back in my care (Damar Deshawn DaPrince Ricks) he needs me in his life." (Doc. 16 at 5.) Plaintiff also alleges varies injuries, including to her sobriety, stress, her motherhood being taken, disappointments, trouble with other children and trouble asserting herself. (*Id.* at 6.)

### IV. Discussion

#### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Plaintiff's amended complaint is not short, plain statement of her claims. It does not state what happened, when it happened or who was involved. It is devoid of sufficient facts to state a cognizable claim for relief. Plaintiff has been unable to cure this deficiency despite being provided with the relevant pleading standard.

### B. Child Custody Claims

Insofar as Plaintiff is attempting to raise claims regarding child custody, the Court is without jurisdiction over such claims because they are exclusively matters of state law. See Ankenbrandt v. Richards, 504 U.S. 689, 702-704 (1992) (holding that the domestic relations exception to federal subject matter jurisdiction "divests the federal courts of power to issue divorce, alimony and child custody decrees."); see also Peterson v. Babbitt, 708 F.2d 465, 466 (9th Cir.1983) (stating that "federal courts have uniformly held that they should not adjudicate cases involving domestic relations, including 'the custody of minors and *a fortiori*, right of visitation.' For that matter, the whole subject of domestic relations and particularly child custody problems is generally considered a state law matter"). "Even when a federal question is presented, federal courts decline to hear disputes which would deeply involve them in adjudicating domestic matters." Thompson v. Thompson, 798 F.2d 1547, 1558 (9th Cir.1986).

Further, to the extent Plaintiff is challenging an order of the state court regarding custody or visitation, she may not do so. This Court lacks subject matter jurisdiction to review the final determinations of state court dependency proceedings. See, e.g., Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th Cir.1986) ("The United States District Court ... has no authority to review the final determinations of a state court in judicial proceedings."). Under the Rooker-Feldman doctrine, a federal district court does not have subject-matter jurisdiction to hear an appeal from the judgment of a state court. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283-84 (2005); see also Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923). Therefore, Plaintiff's claims

against social workers presumably relating to the removal of her son from her custody, which seemingly arise from state court orders, would be barred by the Rooker-Feldman doctrine. Johnson v. Child Protective Servs., No. 2:16-cv-763-GEB-EFB PS, 2017 WL 4387309, at *2 (E.D. Cal. Oct. 3, 2017) (finding that constitutional claims relating to plaintiffs' children being removed from their custody and placed in foster care, which were the subject of a state court action, barred by the Rooker-Feldman doctrine).

### C.     Familial Association

It appears that Plaintiff may be alleging a denial of familial association. Parents have a constitutionally protected liberty interest in the care and custody of their children. Santosky v. Kramer, 455 U.S. 745, 753 (1982). "A parent's desire for and right to 'the companionship, care, custody and management of his or her children' is an important interest that 'undeniably warrants deference and, absent a powerful countervailing interest, protection." Lassiter v. Dep't of Soc. Servs. of Durham Cty., N. C., 452 U.S. 18, 27 (1981) (quoting Stanley v. Illinois, 405 U.S. 645, 651 (1972)); accord Kelson v. City of Springfield, 767 F.2d 651, 655 (9th Cir. 1985).

"While a constitutional liberty interest in the maintenance of the familial relationship exists, this right is not absolute. The interest of the parents must be balanced against the interests of the state and, when conflicting, against the interests of the children." Woodrum v. Woodward Cty., Okl., 866 F.2d 1121, 1125 (9th Cir. 1989). The right to familial association has both a substantive and a procedural component. Keates v. Koile, 883 F.3d 1228, 1236 (9th Cir. 2018) "While the right is a fundamental liberty interest, officials may interfere with the right if they "provide the parents with fundamentally fair procedures[.]" Keates, 883 F.3d at 1236 (internal citations omitted); see also Kirkpatrick v. Cty. of Washoe, 843 F.3d 784, 789 (9th Cir. 2016) (quoting Wallis v. Spencer, 202 F.3d 1126, 1136 (9th Cir. 1999)) (The Fourteenth Amendment guarantees "that parents and children will not be separated by the state without due process of law except in an emergency.")

To state a claim under the Due Process Clause, it is not enough to allege that a state actor interfered with the familial relationship. Woodrum, 866 F.2d at 1125. "Officials may not remove children from their parents without a court order unless they have 'information at the time of the

seizure that establishes reasonable cause to believe that the child is in imminent danger of serious bodily injury.'" Keates, 883 F.3d at 1236 (quoting Rogers v. County of San Joaquin, 487 F.3d 1288, 1294 (9th Cir. 2007)); see also Caldwell v. LeFaver, 928 F.2d 331, 333 (9th Cir. 1991) (a state agency may remove children from their parents' custody in an emergency situation if the children are subject to immediate or apparent danger or harm.).

Here, it is unclear whether her child was removed by court order, but it may be inferred that such an order exists. Plaintiff names social workers in her amended complaint regarding the custody of her son. Plaintiff has previously admitted to a Child Protective Services ("CPS") case, removal of her son by a CPS case worker, and limits on visitation with her son. Plaintiff also has admitted to a history of drug use and incarceration. (Doc. No. 1.) Plaintiff was previously informed of the pleading standards and has been unable to cure the deficiency because of the lawful removal order. Plaintiff therefore cannot state a cognizable claim for denial of familial association in violation of Due Process where a lawful removal court order has been issued.

## V. Conclusion and Recommendation

Plaintiff's amended complaint fails to state a cognizable claim for relief. Despite being provided the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in her complaint and further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, for the reasons stated, it is **HEREBY RECOMMENDED** that this action be dismissed, with prejudice, for Plaintiff's failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the

magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (*citing* Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 1, 2020**             /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE